George B. Motheral, as Executor and Trustee under the Last Will and Testament of Jean C. Bradley, Deceased, Plaintiff, *v.* Mary Bradley Perchment and Others, Defendants.

Supreme Court, Nassau County, March 12, 1926.

**Ejectment — parties — abatement and revival — action was commenced in this State by testatrix, non-resident — her will illegally suspended power of alienation but vested power of sale in executor to sell residuary estate — action revived in name of executor and residuary legatees.**

Upon the death of a non-resident plaintiff in an action of ejectment commenced in this State, the action may be revived in the name of the executor and residuary

legatees, since it appears that while the will of the original plaintiff unlawfully suspended the power of alienation as to the real property in question, it did vest in the executor the power to sell the residuary estate of which the real property in question became a part because of the illegal suspension of the power of alienation, and, therefore, since the executor has assumed control of the real estate in question, he may continue the action joining with him the residuary legatees.

ACTION for construction of will.

*Henry A. Uterhart,* for the plaintiff.

*Larkin, Rathbone & Perry,* for the defendant Perkins.

*Dominic B. Griffin,* for the defendant Coleman.

*Martin P. O'Leary,* for the defendant Miller.

HUMPHREY, J.    This is an action to construe the will of the late Jean C. Bradley, deceased. She died testate, a resident of the State of Pennsylvania, where the plaintiff herein as her executor qualified, and is now acting executor under her will.

At the time of the death of Jean C. Bradley an action of ejectment was pending, in which she was plaintiff, for the recovery of certain property situated in the county of Nassau, which property became a part of her residuary estate. By the terms of her will the power of alienation was suspended for a period of twenty years, a provision which is valid in the State of Pennsylvania, but which conflicts with the provisions of the Real Property Law of the State of New York. (See Real Prop. Law, § 42.)

The purpose of this action is to determine in whose name the action of ejectment commenced by Jean C. Bradley during her lifetime may be revived and prosecuted. The will under discussion attempts to give to the executor and trustee the power of sale, not only of the property in the State of Pennsylvania, but of the residuary estate, of which the real estate in Nassau county forms a part.

The executor and trustee has assumed to exercise control over the real estate in question by paying the transfer tax due to the State of New York thereon, as well as water rates assessed by the city of Long Beach. And, even though the trust created in the will is invalid, the expenditures on behalf of the estate by the executor to the extent of expenditures made by him revive the power. The testatrix clearly intended to vest her residuary legatees and devisees. The suspension of the power of alienation for the purposes of this action should be deleted.

It follows that the action of ejectment, started with the decedent during her lifetime, should be revived by the executor and trustee, joining with him the residuary legatees named in the will.